*Tagged opinion*



**ORDERED in the Southern District of Florida on May 20, 2025.**

**Laurel M. Isicoff, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                  CASE NO.  24-15097-BKC-LMI

KEVIN GLEATON,
                                        Chapter  7
              Debtor.
_____/

KEVIN GLEATON,                          ADV. CASE NO. 25-1023-LMI

              Plaintiff,
vs.

EXTRA SPACE STORAGE, L.P.,

              Defendant.
_____/


<u>**ORDER GRANTING  MOTION TO DISMISS**</u>

This matter came before the Court for hearing on April 29, 2025 at 1:30 p.m. (the "Hearing") upon the Motion to Dismiss Complaint (ECF #10) (the "Motion") filed by Defendant Extra Space Storage, L.P. ("Extra Space"). The Court has considered the arguments made by Extra Space and the Chapter 7 Trustee at the Hearing and the Plaintiff's late filed response (ECF #19) (the "Response").[1] Having done so, for the reasons set forth herein, the Court grants the Motion.

## Factual Background

On  May 24, 2024 ("Petition Date") the Debtor, Kevin Gleaton ("Debtor" or "Plaintiff") filed a voluntary petition for relief under Title 11, Chapter 7 of the U.S. Bankruptcy Code (ECF #1 in Case No. 24-15097-LMI (the "Main Case")). In the Main Case, the Court held multiple hearings on a variety of motions relating to allegations by the Debtor that Extra Space willfully violated the automatic stay by conducting an auction of his property located in a storage unit, and allowing the successful bidder at auction to remove the property (the "Stay Violation Motions"). The Debtor sought, among other general relief, a return of his belongings, $50,000 in damages "for any losses incurred due to the Storage Facility's violation of the automatic stay", and an order holding Extra Space in contempt for violating the automatic stay.

After several hearings  the Court determined that the Debtor had made sufficient allegations to warrant an evidentiary hearing and directed the Debtor to confer with counsel for Extra Space to set up a schedule regarding discovery, and

---

[1] The Plaintiff did not appear at the Hearing, but the Court accepted and considered the Plaintiff's late filed response. *See Order Granting Motion for Leave to File Late Response to Defendant's Motion*

2

an actual date for the evidentiary hearing. However, despite several attempts by counsel for Extra Space, and at least one warning, the Debtor did not communicate with counsel for Extra Space.  Consequently at a February 3, 2025 hearing, the Court held that the Debtor failed to prosecute the Stay Violation Motions and granted Extra Space's request for denial and dismissal with prejudice of the Stay Violation Motions (ECF #119 in Main Case) (the "Dismissal Order")[2].

On the same day as  the February 3, 2025 hearing in the Main Case, Debtor initiated this action by filing a three-count complaint against Extra Space for willful violation of the automatic stay, turnover of estate property, and for damages and injunctive relief (ECF #1) (the "Complaint"). Extra Space filed the Motion on March 4, 2025 seeking dismissal of the Complaint on the basis that the Complaint seeks the same relief the Debtor sought in the Stay Violation Motions and therefore the Complaint is barred by res judicata or collateral estoppel.

In the Response, Debtor argues that res judicata does not bar the Complaint because the dismissal of the Stay Violation Motions for lack of prosecution was procedural, not substantive and did not address the underlying merits of the claims asserted in the Stay Violation Motions.

## Res Judicata

The Complaint is barred by res judicata. As this Court wrote in *AASI Creditor Liquidating Trust v. Raymond James & Assocs., Inc.*:

---

*to Dismiss* (ECF #22).

2 *Order (I) Denying Debtor's Motion for Immediate Relief and Enforcement of Automatic Stay Regarding Denied Access to Storage Unit; and (II) Granting Extra Space Storage, L.P.'s Motion to Dismiss Debtor's Motion for Enforcement of Automatic Stay Due to Debtor's Lack of Prosecution, With*

In order for future litigation to be barred by res judicata, the party seeking relief must show each of the following with respect to the order or judgment upon which the relief is based:

First, the prior judgment must be valid in that it was rendered by a court of competent jurisdiction and in accordance with the requirements of due process ... Second, the judgment must be final and on the merits ... Third, there must be identity of both parties or their privies ... Fourth, the later proceeding must involve the same cause of action as involved in the earlier proceeding. *In re Justice Oaks II, Ltd.,* 898 F.2d at 1550 (internal citations omitted).

If a court finds that all the requirements of res judicata have been satisfied, then the prior order or judgment shall act as a bar to litigating any claim that was or could have been brought in the prior proceeding.

*AASI Creditor Liquidating Trust v. Raymond James & Assocs., Inc.* (*In re All Am. Semiconductor, Inc.*), 427 B.R. 559, 566 (Bankr. S.D. Fla. 2010).

In the Response, Debtor only disputes the "adjudication on the merits" element of res judicata, and argues that because the Dismissal Order denied the Stay Violation Motions for lack of prosecution, that there was no such adjudication. However, Fed. R. Civ. P. 41(b)[3] states "[u]nless the dismissal order states otherwise," a dismissal for failure to prosecute "operates as an adjudication on the merits." *See Tuitama v. Bank of Am., NA*, 552 Fed. App'x 881, 883 (11th Cir. 2014) ("rely[ing] exclusively on federal law, which clearly dictates that dismissal for failure to prosecute or for noncompliance with a court order is a judgment on the merits with claim-preclusive effect."); *cf. In re Myers*, 2022 WL 4233772, at *2 (Bankr. M.D. Fla. 2022) ("A dismissal order 'states otherwise' if it expressly provides that the dismissal is without prejudice. It is well-established

---

*Prejudice* (ECF #119).

that an order dismissing a proceeding 'without prejudice' is not an adjudication on the merits under Rule 41(b) and has no res judicata or collateral estoppel effect on a subsequent claim.")

Here, the Dismissal Order expressly stated that the Stay Violation Motions were denied and dismissed for lack of prosecution *with prejudice*. Therefore, the Dismissal Order operates as an adjudication on the merits and the Complaint is barred by res judicata. Having determined that res judicata applies, the Court need not address Extra Space's second basis for dismissal-- collateral estoppel.

At the Hearing on the Motion, counsel for the Chapter 7 Trustee advised the Court that counsel believes, based on a 2004 examination of Extra Space, that Extra Space, despite representations in Court to the contrary, did, in fact, know that the items in storage belonged to the Debtor.  If, in fact, as the Debtor represented, the property in the storage unit had a value that exceeded $50,000, then the property sold by Extra Space after the bankruptcy case was filed was property of the estate.  The Trustee argues that any disposition of this adversary proceeding should have no impact whatsoever on any cause of action the Trustee may seek against Extra Space; the Court agrees.

Accordingly, for the reasons set forth above, it is hereby, **ORDERED** as follows:

1.    The Motion (ECF #10) is **GRANTED**.

2.    The Complaint is **DISMISSED**.

---

3 Made applicable to this case by Fed. R. Bankr. P. 7041 and 9014.

3.      Nothing in this Order shall impact the Chapter 7 Trustee's rights to prosecute  any cause of action against Extra Space on behalf of the estate.


###

Copies furnished to:
Kevin Gleaton, *pro se* Plaintiff
Chad Van Horn, Esq.

*Attorney Van Horn is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry of the Order.*